[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
The defendant-appellant, Darcy E. Brown, brings his appeal from the finding made by the court, sitting without a jury, that he was guilty of aggravated assault, and the sentence imposed thereafter.
Brown was indicted for felonious assault, an offense that took place allegedly when Brown, admittedly, struck DeWayne Foster during an altercation. Without question, Foster suffered relatively severe injuries to his mouth, face and head as a result of blows delivered by either a stick, according to Brown, or a baseball bat, according to other testimony. Brown and Foster are distant cousins and the injuries were inflicted when they became involved in a dispute after a social gathering. When police responded, Brown admitted striking Foster, but claimed he did so in self-defense. Foster was found prone on his back, bleeding from head wounds, some of which were to the back of his skull, and he remained unconscious for some eighteen hours. Neither the stick that Brown said he used to deliver blows only to Foster's lower body nor the baseball bat was recovered, although the police searched the area around the site of the incident thoroughly.
At trial, Brown's counsel elected not to proffer any evidence, relying on motions for acquittal made at appropriate junctures. The court held that Brown had failed to prove self-defense, and that the evidence from the prosecution proved aggravated assault, an offense of inferior degree to felonious assault. After completion of a presentence investigation, the court placed Brown on community control for three years and fined him one hundred dollars.
The singular assignment of error is that the finding of guilty is against the manifest weight of the evidence. The record convinces us that the assignment is not well taken.
The trial court was entitled to believe the state's witnesses and to discredit testimony with respect to Brown's claim that he had inflicted some of Foster's injuries in self-defense. Conflicts in the evidence, including the credibility of the witnesses, are primarily for the trier of fact to resolve. Statev. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. Upon this record, it cannot be said that in resolving any conflicts the court lost its way or created any manifest injustice requiring a reversal of Brown's conviction. See State v. Thompkins (1997), 78 Ohio St.3d 380, 387,678 N.E.2d 541, 546-547.
Therefore, the judgment of the trial court is affirmed.
 ______________________________ GORMAN, PRESIDING JUDGE
 SUNDERMANN and SHANNON, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.